IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ERIC LEE BROWN, AIS # 216794,     :

     Plaintiff,            :

vs.                       :     CIVIL ACTION 16-0597-KD-MU

JOHN ROBERT FOUNTAIN, *et al.*,     :

     Defendants.        :

## REPORT AND RECOMMENDATION

Plaintiff Eric Lee Brown, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that, prior to service of process, this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for the following reasons: (1) the claims for a denial of access to courts and for a conspiracy are due to be dismissed with prejudice for failure to state a claim upon which relief can be granted, and the custody claim against defendant Stewart is due to be dismissed with prejudice as frivolous; (2) in the alternative, this action is due to be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(e) for failure to state a claim; and (3) again alternatively, this action is due to be dismissed without prejudice as malicious.

**I. Complaint.**  (Doc. 1)

Brown filed his § 1983 complaint on the Court's complaint form, naming two persons as defendants, John Robert Fountain, Circuit Court Clerk of Escambia County,

Alabama, and Cynthia Stewart, Warden of Fountain Correctional Center.  (Doc. 1 at 5).

Because Brown's description of his claim is brief, it is set out below:

> On or about September 2016 Plaintiff filed his writ of habeas corpus to the Probate Judge[']s Chamber of Escambia County, and the Circuit Clerk office did mail invade said correspondence package without standing to do so.  See 1st & 14th Amendment Rights of the U.S. Constitution, and access to the Proper Probate Judge "only" as addressed to on said envelope with first class postage prepaid.

(Doc. 1 at 4).  In Brown's specific claim against defendant Fountain, he elaborates that his writ of habeas corpus was "properly addressed to the Probate Judge 'only,' and was unconstitutionally intercepted by Defendant Fountain without standing to do so in order to conspire with Defendant Stewart."  (*Id.* at 5).  For his specific claim against defendant Stewart, he states that he is in her "custody, care, and control" due to being maliciously prosecuted under *Franks v. Delaware,* 438 U.S. 154 (1978), in bad faith by the United States government.  (*Id.*).[1]  For relief, Brown requests $10,000,000.00 for "loss of rights" due to the defendants' conspiracy.  (*Id.* at 7).

In addition to describing his claims, Brown answered the complaint form's questions about whether, in state or federal courts, he had filed a lawsuit with the same or similar facts involved in the present action or a lawsuit relating to his imprisonment.  (Doc. 1 at 3).  He responded with "no" to both questions.  (*Id.*).  He then proceeded to sign his complaint under penalty of perjury.  (Doc. 1 at 7).  PACER (Public Access to Court Electronic Records), however, indicates that he has filed prior § 1983 actions,

---

[1] In Brown's responses to the complaint form's questions about his convictions, he indicated that he has two convictions, one that is "sexual in nature," for which he received a forty-year sentence in 2001, and with respect to his other conviction, he received a sixteen-year sentence in 2001.  (Doc. 1 at 6-7).

namely, *Brown v. Boyd,* CA 10-00801-WHA-SRW (M.D. Ala. 2010) (§ 1915(e)(2)(B) dismissal), and *Brown v. Thomas,* CA 13-00905-WHA-SRW (M.D. Ala. 2017)(summary judgment for defendants) (appealing). (Brown also filed a habeas action, *Brown v. Alabama,* CA 04-00243-WS-B (S.D. Ala. 2004)(voluntary dismissal), and a mandamus action, *Brown v. Dep't of Corrs.*, CA 14-00385-WHA-SRW (M.D. Ala. 2014) (failure to prosecute).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*[2]  And, under this provision, a claim can be dismissed as malicious.  28 U.S.C. § 1915(e)(2)(B)(i).

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[2]  *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly,* 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). Furthermore, a court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.  Analysis.**

    **A.  Access-to-Courts Claim.**

Brown alleges that he was denied access to the proper probate judge by defendant Fountain unlawfully intercepting his mail in order to conspire with defendant Stewart.   Addressing Brown's first claim that he was denied access to the proper probate judge, the Court is attempting to place this claim in a constitutional framework because the Court knows of no constitutional or federal right to have access to a certain probate judge.  And no facts are alleged showing the basis for an entitlement to have a certain unidentified probate judge receive (and possibly handle, although not pled,) his habeas petition.

The constitutional claim that is closest to Brown's complaints is a denial of access to courts, which is "grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich,* 340 F.3d 1279, 1282 (11th Cir. 2003).  The requirements for stating a claim based on a denial of access to the courts is found in *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 136 L.Ed.2d 606 (1996), when the Supreme Court ruled that an inmate must show that he has suffered an actual injury in order to have standing to bring a claim for being denied access to courts.  *Id.* at 349, 116 S.Ct. at 2179.  The injury an inmate is required to show is that his "pursuit of a nonfrivolous, post-conviction claim or civil rights action" implicating a basic constitutional right has been frustrated or impeded, *Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir. 1998), and that this underlying action was nonfrivolous.  *Lewis,* 518 U.S. at 353-54, 116 S.Ct. at 2181-82. This underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the "'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury,* 536 U.S. 403, 416, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413

(2002). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355, 116 S.Ct. at 2182.

In the present action, Brown alleges that he mailed a petition for the writ of habeas corpus to a probate judge but the circuit court clerk "intercepted" it. (Doc. 1 at 4-5). No other information is provided about his habeas petition. That is, no allegations are provided describing how the underlying action is non-frivolous, whether the petition was ultimately filed, what claims were in the petition, what factual information was provided in the petition to support his claims, and what was the disposition of his petition.[3] Thus, Brown has not alleged or shown that his underlying habeas petition was

---

[3]     Not knowing what Brown's claim is in the underlying predicate habeas petition, the fact that his convictions occurred in 2001 does not bode well for establishing a non-frivolous habeas petition. (Doc 1 at 6).

        Again, not having information available about his claims, the Court merely observes that section 15-21-6 of the Alabama Code provides for a circuit court judge to handle a habeas petition:

> (a) When the person is confined in a county jail or any other place on a charge of felony or under a commitment or an indictment for felony, the petition for a writ of habeas corpus must be addressed to the nearest circuit court judge.

> (b) When the person is confined in the penitentiary or under a sentence, judgment or order of the supreme court or the circuit court, other than an indictment for felony, the petition must be addressed to the nearest circuit court judge.

> (c) In all other cases, it may be addressed to any one of them, and when the person is confined in any other place than the county jail or the penitentiary and on any other than a criminal charge, it may be addressed to any circuit court judge.

ALA. CODE § 15-21-6 (1975). Whether these provisions for filing a habeas petition with a circuit court judge are appropriate in this situation, it cannot be determined due to the lack of facts. *See Ex parte Culbreth*, 966 So.2d 910 (Ala. 2006) (mentioning all Alabama judges have the power to issue writs of habeas corpus).

non-frivolous and how he was injured in bringing his petition and its proceedings by the probate judge not receiving his petition.  By failing to demonstrate these two elements, Brown has failed to state a claim for a denial of access to courts and, therefore, his claim is due to be dismissed with prejudice.  *Dennis v. Schwarzauer,* 496 F. App'x 958, 959 (11th Cir.) (affirmed the dismissal of the § 1983 action against the clerk because the underlying claim was not described well enough to determine if it had merit), *cert. denied,* 134 S.Ct. 91 (2013).

**B.  Conspiracy Claim.**

Brown claims, in an unclear manner, that defendant Fountain "unconstitutionally intercepted . . . [his habeas petition] without standing to do so in order to conspire with defendant Stewart" and that he wants to be compensated for the loss of his rights that resulted from the defendants' conspiracy.  (Doc. 1 at 5, 7).  These vague and conclusory allegations - "to conspire" and "defendants' conspiracy" - are the only references to a conspiracy.  These vague and conclusory allegations of conspiracy are insufficient to state a conspiracy claim.  *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (holding conspiracy allegations that are vague and conclusory are subject to dismissal).

In order to state a conspiracy claim "a plaintiff must show among other things, that the defendants 'reached an understanding to violate his rights.'"  *Rowe v. City of*

---

As an aside, and not knowing of the practices of the Circuit Court or Probate Court of Escambia County, the practice of this Court is for the Clerk, not a judge, to place a case on the Court's docket, to categorize the case (e.g., civil, criminal, etc.), and once on the docket, the case is randomly assigned to a judge for handling.

*Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002).  This requires that a plaintiff provide more than a label or a conclusion, such as merely stating they "conspired." *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965.  An agreement to violate a plaintiff's constitutional rights must be shown, *AFL-CIO v. City of Miami, Fla.,* 637 F.3d 1178, 1190-91 (11th Cir. 2011), with sufficient facts to suggest an agreement was made. *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965.  "[A] conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality. . . . [the allegations] must be placed in the context that raises the suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Twombly,* 550 U.S. at 557, 127 S.Ct. at 1966.  In addition to pleading facts that show an agreement was reached to deny a plaintiff's constitutional rights, an "underlying actual denial of his constitutional rights" must be shown, which Brown has not done.  *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11th Cir. 2008).

Brown simply used the words conspire and conspiracy and did not allege any facts suggesting a conspiracy or an agreement to violate his rights; therefore, his allegations do not establish a plausible conspiracy claim.  Accordingly, Brown failed to state a conspiracy claim upon which relief can be granted, and such claim is due to be dismissed with prejudice.  *See Fullman, supra.*

**C. Custody Claim.**

Brown seeks to hold defendant Stewart liable because he is in her "custody, care, and control" due to an alleged malicious or bad-faith prosecution under the *Franks v. Delaware* standards.  (Doc. 1 at 6).  Brown, however, has not alleged that his

convictions have been invalidated.  And his answers to the complaint form's questions about his convictions show indeed that they have not been invalidated.  (*Id.* at 6-7).

The long-established law in this Circuit provides that an inmate who is placed in the custody of another pursuant to an apparently valid commitment order does not have a claim against that person.  *United States v. ex rel. Bailey v. Askew,* 486 F.2d 134, 135 (5th Cir. 1973) (holding that the governor and prison commissioner cannot be held liable for holding an inmate pursuant to a commitment order that is patently proper); *Tucker v. City of Montgomery Bd. of Commr's,* 410 F. Supp 494, 511 (M.D. Ala. 1976) (holding the jail's warden accepted three inmates for incarceration pursuant to judicial orders and, therefore, it would not be proper for him to be sued when he is required to carry out the orders); *Card v. Miami-Dade Cty. Fla.,* 147 F. Supp.2d 1334, 1346 (S.D. Fla. 2001) (finding that county was not liable, for among other things, because the inmate was held pursuant to a judge's order).  Accordingly, Brown's claim against defendant Stewart is due to be dismissed with prejudice as frivolous.[4]

### D.  Alternate Bases for Dismissal.

---

[4]   Brown has not directly challenged his convictions and sentences in this action.  But his allegations imply a challenge because he sues his warden, defendant Stewart, and claims his convictions and sentences are a result of a malicious prosecution and bad faith.  (Doc. 1 at 5). When an inmate seeks in a § 1983 action to challenge his "conviction or imprisonment, or . . . other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005) (extending *Heck*'s damages holding to include claims for equitable relief). Thus, for Brown to proceed in a § 1983 action that would render his convictions or sentences invalid, he must show that his convictions or sentences have been previously invalidated, which he has not done.  Moreover, if release is sought, release can only be gained in a habeas action or a state court action, not in a § 1983 action.  *Id.* at 82, 125 S.Ct. at 1248 (citing *Preiser v. Rodriguez,* 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); *Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995).

### 1.  Application of 42 U.S.C. § 1997e(e).

In addition, to Brown's action being dismissed for the foregoing reasons, 42 U.S.C. § 1997e(e) provides an alternate basis for dismissal.  Section 1997e(e), which is a limitation on a recovery, provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  In this action Brown alleged no physical injury and seeks $10,000,000.00.

A prisoner with no physical injury cannot receive compensatory or punitive damages due to § 1997e(e).  *Al-Amin v. Smith,* 637 F.3d 1192, 1198 (11th Cir. 2011). Nominal damages, however, may be recovered for a violation of a constitutional right without an actual injury.  *Hughes v. Lott,* 350 F.3d 1157, 1162 (11th Cir. 2003); *see Carey v. Piphus,* 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); *Kyle v. Patterson,* 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury.").

Brown does not state that he wants nominal damages, and his $10,000,000 request is inconsistent with a nominal damages request.  *See Harrison v. Myers,* 2011 WL 3204372, at *7 (S.D. Ala. 2011) (unpublished) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch as nominal damages implies a mere token or trifling); *In re Bayside Prison Litigation,* 2010 WL 4916716, at *4 (D.N.J. 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); *Ringgold v.*

*Federal Bureau of Prisons,* 2007 WL 2990690, at *5 & n.5 (D.N.J. 2007) (unpublished) (dismissing the complaint under § 1997e(e) because the alleged injury was *de minimis* and the plaintiff sought "compensatory damages 'in an amount not less than $2,000,000'. . . and expresse[d] no interest in nominal damages"); *Qualls v. Santa Rosa Cty. Jail,* 2010 WL 785646, at *3 n.1 (N.D. Fla. 2010)  (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages").   Thus, the Court concludes that Brown did not request nominal damages, and that the Court will not imply such a request because he has not shown a violation of a constitutional right.   *See Brooks v. Warden,* 800 F.3d 1295, 1308 (11th Cir. 2015) (finding nominal damages may be recovered in the absence of a physical injury where a violation of constitutional right has been shown).  As a result, the Court finds that Brown has failed to state a claim upon which relief can be granted, and his complaint is due to be dismissed without prejudice.  *Napier v. Preslicka,* 314 F.3d 528, 532 (11th Cir. 2002) (dismissal pursuant to 42 U. S. C. § 1997e(e) should be without prejudice in order to allow the prisoner once released to litigate his claim), *cert. denied,* 540 U.S. 1112 (2004).

### 2.  Maliciousness.

Because Brown is proceeding *in forma pauperis,* the Court is authorized under 28 U.S.C. § 1915(e)(2)(B)(i) to dismiss his complaint if the complaint is malicious.  An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as

such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice."  *Thompson v. Quinn,* 2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished) (collecting cases), *adopted,* 2013 WL 45259 (N.D. Fla. 2013); *see Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-17 (2007); *Schmidt v. Navarro,* 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two prior federal actions on his complaint form); *Redmon v. Lake County Sheriff's Office,* 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs,* 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his arguments that he did not remember filing any civil actions and that his records were inaccessible).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and preventing the plaintiff from re-filing the action.  *Stephenson v. Warden,* 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas,* 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); *see Schmidt,* 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

In the present complaint, Brown indicates that he had not filed any prior lawsuits about his imprisonment.  (Doc. 1 at 3).  However, an examination of PACER reflects that Brown had filed two prior § 1983 cases that he did not list.  Thus, he knowingly chose not to list these two prior actions and then proceeded to sign his complaint under penalty of perjury.  (*Id.* at 7).  Accordingly, the Court deems that Brown's behavior is an abuse of the judicial process that warrants this action's dismissal as malicious pursuant to § 1915(e)(2)(B)(i), and that the dismissal should be counted as a strike for § 1915(g) purposes.  *Pinson v. Grimes,* 391 F. App'x 797, 799 (11th Cir.) (unpublished) (affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike),  *cert. denied,* 562 U.S. 1013 (2010); *Rivera,* 144 F.3d at 731, 799 (affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the

prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month).

Moreover, if this action were dismissed, Brown would be able to re-file it. (*Id.* at 7). That is, in Alabama the statute of limitations for filing a § 1983 action is two years from when the claim accrues. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Inasmuch as Brown states that the complained of acts occurred in September, 2016 (Doc. 1 at 4), the statute of limitations has not expired on Brown's claims. Therefore, Brown can re-file his action, if he elects. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that, prior to service of process, this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for the following reasons: (1) the claims for a denial of access to courts and for a conspiracy are due to be dismissed with prejudice for failure to state a claim upon which relief can be granted, and the custody claim against defendant Stewart is due to be dismissed with prejudice as frivolous; (2) in the alternative, this action is due to be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(e) for failure to state a claim; and (3) again alternatively, this action is due to be dismissed without prejudice as malicious.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this  13th day of July , 2017.


s/ P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE